Docket No. 13-35023

_____

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**
_____

DEBORAH A. BRODIE

*Appellant*,

v.

NORTHWEST TRUSTEE SERVICES, INC., et al.,

*Appellees*,

_____

Appeal from an Order and Judgment of the
United States District Court For the Eastern District of Washington
Honorable Thomas O. Rice · Case No. 12-cv-00469
_____

**APPELLANT'S REPLY BRIEF**
_____

Craig R. Elkins (WSBA 14608)
Magnum Law Group, PLLC
16301 NE 8th Street, Suite 280
Bellevue, Washington  98008
Tel. (425) 454-4300
Fax (425) 590-9012
craig@magnumlawgroup.com

*Attorney for Plaintiff / Appellant*

## TABLE OF CONTENTS

**Page**

STATEMENT OF THE CASE ................................................................1

STATEMENT OF FACTS......................................................................1

STANDARD OF REVIEW…………………………………………..2

ARGUMENT..........................................................................................2

CONCLUSION.......................................................................................9

CERTIFICATE OF COMPLIANCE ........................................................10

CERTIFICATE OF SERVICE................................................................11

# TABLE OF AUTHORITIES

## **CASES**

*Albice v. Premier Mortg. Servs. Of Wash, Inc.*,
174 Wn.2d 560, 567 (2012)………………………………………………….……5

*Keniston v. Roberts*
717 F.2d 1295, 1300 (9th Cir. 1983)..................................................................8

*Polich v. Burlingon Northern, Inc*
942 F.2d 1467, 1472 (9th Cir. 1991)..................................................................8

*Udall v. T.D. Escrow Servs., Inc*
159 Wn.2d 903, 915-16 (2007)………………………………………..……..5

*Walker v. Quality Loan Service Corp.*,
No. 65975-8-1 (Wn.App. Div. 1, August 5, 2013)……………………………..6, 7

*Wigod v. Wells Fargo Bank, N.A.*,
No. 11-1423, p.4 (7 Cir. March 7, 2012)……………………………………….7

## **Statutes**

*RCW 61.24.030(7)(a)*……………......………………………….....……………..4

*RCW 62A.3-201*...................................................................................................4

*RCW 62A.3-301*...................................................................................................3

Fed. R. Civ. P. 12(b)(6)..........................................................................................7

## STATEMENT OF THE CASE

Appellees contend that Ms. Brodie has amended her complaint four times. (Appellee Br. 3)  While technically true, the only change between the original Complaint (ER 430) and the First Amended Complaint (ER 367) was to add US Bank as a party because it was the successor trustee to Lasalle Bank as trustee for the WaMu Trust.  The Second Amended Complaint (ER 115) and the Amended Complaint (ER 218) added some new allegations regarding the securitization process, the employment status of the alleged robo-signers and allegations that Chase refused to respond to two Qualified Written Requests from Ms. Brodie requesting information as to who the holder of her Note was.

The only amended complaint following an Order of the District Court dismissing some of Ms. Brodie's claims (ER 92) was the Amended Complaint filed on October 10, 2012. (ER 218).  Upon instruction, per Order of the Court, Ms. Brodie has made only one attempt at amending her complaint, not four as Appellees would have the Court believe.

## STATEMENT OF THE FACTS

Appellees would also have the Court believe that, simply by signing the Note (ER 281) and Deed of Trust (ER 250), Ms. Brodie agreed in some knowing, assertive manner that she specifically agreed and assented that the lender may

1.

transfer her Note at will. Although legally bound by the terms of those contracts, Ms. Brodie had no real understanding of those terms and they were not pointed out to her in some manner that would result in the assertive agreements alleged by Appellees. (Appellee Br. 4-5)

## STANDARD OF REVIEW

Again, Appellees would have the Court believe that because Ms. Brodie has amended her complaint previously, inferring several opportunities to amend, that further amendment should be denied. (Appellee Br. 8) However, as previously stated, Ms. Brodie made only one amendment following an Order of the Court and there are obvious simple amendments, such as applying the appropriate factual allegations involving robo-signers and false execution of documents in the complaint to the necessary elements of certain of the causes of action, specifically, wrongful foreclosure, violation of the deed of trust act and violation of the consumer protection act, that she could have made to avoid complete dismissal, if granted another opportunity to amend her complaint.

## ARGUMENT

Appellees argue that, "U.S. Bank is entitled to enforce the note because it holds the note (through its servicer and agents)." (Appellee Br. 8) By that

2.

statement, Appellees seem to admit that U.S. Bank is not the actual holder of the Note. Indeed, that statement is certainly contrary to the statutory definition of a holder. *RCW 62A.3-301* Person entitled to enforce instrument.

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW [62A.3-309](#) or [62A.3-418](#)(d).

That is what Ms. Brodie has contended all along, that the Note may have been sold by WaMu in 2007, purportedly to the WaMu Mortgage Pass-Through Certificates Series 2007-OA4 Trust, however, in order to actually get into the Trust the Note must take a circuitous route, not unlike a salmon seeking its spawning grounds, some make it and some don't. The Note purported went from Washington Mutual Bank, FA (Lender); to Washington Mutual Bank (Sponsor/Seller); to WaMu Asset Acceptance Corp. (Depositor); to WaMu Mortgage Pass-Through Certificates Series 2007-OA4 Trust (Issuing Entity – Trust). (ER 224 ¶ 3.18). Ms. Brodie has alleged that the Note likely did not arrive at its destination at all or, in the alternative, with all proper endorsements of each of the entities it apparently passed through. ER 224 ¶ 3.19). If properly endorsed, there would be an endorsement from the current holder, say Washington Mutual Bank, FA to Washington Mutual Bank, or in blank. Next, when was transferred

from Washington Mutual Bank to WaMu Asset Acceptance Corp., there would be another endorsement, and so on.  This process is required whether we base it on the Pooling and Service Agreement for the Trust or statute.  Pursuant to *RCW 62A.3-201* Negotiation.

>(a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
>(b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

Where there are legitimate concerns about the status and standing of each defendant in the foreclosure process, if it requires production of the Note in order to establish the lawful beneficiary and to protect the borrower from wrongful foreclosure or violation of the Deed of Trust Act ("DTA"), then perhaps that is in order.

Appellees argue that the borrower's interests are protected under the DTA (See: *RCW 61.24.030(7)(a))*, where the beneficiary is required to provide a declaration that it is the holder of the note under penalty of perjury and if the declaration is proven false the borrower would not be liable to the true owner after sale because of Washington's anti-deficiency law after trustee's sale. (Apellee Br. 12).

4.

First, that assumes there is no collusion between the foreclosing entities to overlook certain formalities when it best suits all of them to complete the foreclosure and sale. Second, how would it be determined that the party making the false beneficiary declaration was not the holder unless the note was actually produced by the true beneficiary? Finally, and most incredulously, Appellees argue that in the event a foreclosure and trustee's sale was completed and a borrower lost her home, based upon false documentation as is alleged in this case, that is still acceptable because the borrower would not be subject to a deficiency!

That contention and attitude towards borrowers' rights sheds new light on the plausibility of Ms. Brodie's allegations and claims against Appellees.

Appellees seem to forget that because the DTA "dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, lenders must strictly comply with the statutes, and courts must strictly construe the statutes in the borrower's favor." *Albice v. Premier Mortg. Servs. Of Wash, Inc.*, 174 Wn.2d 560, 567 (2012) (citing *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 915 (2007).

Appellees contend that Ms. Brodie could not have been harmed by a falsely executed assignment, in this case by alleged robo-signers. On the contrary, the allegedly false assignment, because Chase was not the beneficiary and due to the

5.

false execution, started the wheels of the foreclosure process moving, which resulted in NWTS recording a Notice of Trustee's Sale.

Ms. Brodie contends that the processing of a foreclosure based on false documentation injured her and injures borrowers because the foreclosing parties did not have the right or authority to foreclose in the first place. Borrowers, as Ms. Brodie suffer great stress and emotional upset, loss of time from work and other personal activities, having to seek out and pay real estate experts and attorneys, among other things.

"Only a lawful beneficiary has the power to appoint a successor trustee, and only a lawfully appointed successor trustee has the authority to issue a notice of trustee's sale. Accordingly, when an unlawful beneficiary appoints a successor trustee, the putative trustee lacks the legal authority to record and serve a notice of trustee's sale." *Walker v. Quality Loan Service Corp.,* No. 65975-8-1 (Wn.App. Div. 1, August 5, 2013) Based upon the allegations of Ms. Brodie, NWTS lacked the legal authority to record and serve a notice of trustee's sale. (ER 218 ¶¶ 3.23 - 3.35)

In a case similar to Ms. Brodie's, where a foreclosure was commenced by the use of alleged false assignment and appointment documents, the court in *Walker* went on to state,

6.

> [W]e hold that a borrower has an actionable claim against a trustee who, by acting without lawful authority or in material violation of the DTA, injures the borrower, even if no foreclosure sale occurred. Additionally, where a beneficiary, lawful or otherwise, so controls the trustee so as to make the trustee a mere agent of the beneficiary, then, as principal, it may have vicarious liability.

Appellees argue that the Court should not consider Ms. Brodie's new allegations that NWTS breached its duty of good faith under the DTA. However, Ms. Brodie did allege in her Amended Complaint that the Defendants and, specifically, NWTS breached their duties of good faith and fair dealing related to their obligations under the Note and DOT. (ER 228 ¶ 3.35) If Ms. Brodie's allegations prove true, then any action taken by the Appellees to foreclose on her property without proper legal authority and based on false documentation would constitute violation of the DTA. "No Washington case law relieves from liability a party causing damage by purporting to act under the DTA without lawful authority to act or failing to comply with the DTA's requirements." *Walker*, at 16.

Although, Ms. Brodie disagrees with Appellees' contentions that she made new allegations in her opening brief that had not been previously pled, if anything, they were merely elaborations on the allegations made in her Amended Complaint.

"A party who appeals from a Rule 12(b)(6) dismissal may elaborate on her allegations so long as the elaborations are consistent with the pleading. *Wigod v.*

7.

*Wells Fargo Bank, N.A.*, No. 11-1423, p.4 (7 Cir. March 7, 2012)

Appellees state that the district court properly denied Ms. Brodie leave to amend her complaint because she had already filed four different versions and any amendment would have been futile. (Appellee Br. 24)

As stated, Ms. Brodie only amended her complaint once at the direction of the district court's order. Two amendments were to amend the parties and one added a few new allegations. With another opportunity to amend, Ms. Brodie's allegations can be better tied to the proper elements for her causes of action and she should be allowed that opportunity, especially, in light of the recent rulings in *Walker*.

Dismissal without leave to amend is improper unless it is clear, upon a *de novo* review, that the complaint could not be saved by any amendment. *Polich v. Burlington Northern, Inc.,* 942 F.2d 1467, 1472 (9th Cir. 1991). The court did not identify or provide Plaintiff with the opportunity to cure any deficiencies in the complaint. This is contrary to Fed. R. Civ. P. 15(a)(2), which provides that leave to amend should be freely given "when justice so requires." *See also Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983) (finding district court abused discretion in denying leave to amend).

9.

## VII.  CONCLUSION

Deborah Brodie respectfully requests that this Court reverse the District Court's Order and remand the case for further proceedings.

RESPECTFULLY SUBMITTED THIS 6th day of September, 2013.

Magnum Law Group, PLLC
Attorney for Deborah Brodie

By  */s/ Craig R. Elkins*
       Craig R. Elkins

CERTIFICATE OF COMPLIANCE

WITH RULE 32(A) (7) (C)

I, Craig R. Elkins, certify that the foregoing Opening Brief has been prepared in double-spaced 14-point Times New Roman font, a proportional typeface, and that the brief contains 2,230 words according to the word counting feature of the firm's word processing program.  The Brief complies with the requirements of the Federal Rules Appellate Procedure with the Ninth Circuit 32(a)(7)(C).

DATED this  6th  day of September, 2013

MAGNUM LAW GROUP


    */s/ Craig R. Elkins*
Craig R. Elkins (WSBA 14608)
Magnum Law Group, PLLC
16301 NE 8th Street, Suite 280
Bellevue, Washington  98008
Tel. (425) 454-4300
Fax (425) 590-9012
*craig@magnumlawgroup.com*

*Attorney for Plaintiff / Appellant*

11.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeal for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

DATED this 6th day of September, 2013.


     /s/ Craig R. Elkins
Craig R. Elkins